REDACTED VERSION

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

***Bid Protest***

| | | |
|---|---|---|
| BENCHMADE KNIFE COMPANY, INC.<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>GERBER LEGENDARY BLADES<br>DIVISION, FISKAR BRANDS, INC.,<br><br>Intervenor-Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 07-593C<br><br>Judge Wheeler |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff, Benchmade Knife Company ("Plaintiff" or "Benchmade"), by and through its undersigned counsel, pursuant to Rules 7(a) and 15(a) of the Rules of the United States Court of Federal Claims ("RCFC"), respectfully moves this Court for entry of an Order granting it leave to file the attached Amended Complaint ("Exhibit A") against Defendant United States ("Defendant" or "Government"), acting by and through the United States Department of Defense ("DOD"), Defense Logistics Agency ("DLA"), Defense Supply Center-Columbus ("DSCC").

**Preliminary Statement**

Defendant filed the Administrative Record in this case on August 20, 2007. Because Plaintiff's counsel was out-of-town all week with another client, he did not receive a hard copy

of the Administrative Record until the afternoon of Wednesday, August 22,[1] and did not discover the basis for the new claim until Friday, August 24. Upon reviewing the Administrative Record, Plaintiff learned for the first time that the Government failed to follow FAR requirements for issuing solicitations for bundled procurements, and Plaintiff seeks leave to amend its Complaint to include a claim based upon this error in the procurement process. Plaintiff has attempted to contact all parties in this case before filing this Motion. Plaintiff has been unable to reach Mr. Kessler, counsel for the Government, because he is out of the office until September 5. Intervenor-Defendant Gerber Legendary Blades Division, Fiskar Brands, Inc. ("Intervenor" or "Gerber"), has informed Plaintiff that it will oppose this Motion. This Motion for Leave does not prejudice Defendant United States or Intervenor Gerber, because both parties will be able to respond to Plaintiff's arguments in their oppositions to Plaintiff's Cross-Motion for Judgment on the Administrative Record. Moreover, amending the Complaint will serve the interest of justice.

## Background Facts

This bid protest arose out of Defendant's Solicitation SPM7LX-07-R-0001 (the "Solicitation"), for two types of knives to be used by the military: a fixed blade knife and an automatic (commonly known as a "switchblade") knife. Plaintiff filed a Complaint in this Court on August 6, 2007, seeking declaratory and injunctive relief based upon the Government's failure to issue the solicitation as a small business set-aside pursuant to FAR 19.502-2(b); the Government's arbitrary and capricious determination that the Gerber automatic knife was interchangeable with the Benchmade knife and met the solicitation's requirements; and the

[1] Although the hard copy of the Administrative Record was sent to Mr. O'Connor via Federal Express overnight delivery on August 20, the package did not arrive at his hotel until mid-morning of August 22.

REDACTED VERSION

Government's improper use of Standard Form 26 to award Gerber the CLIN 0001 Contract, which resulted in the Government's failure to enter into a valid contract with Gerber.

The Government filed the Administrative Record in this case on August 20, 2007. It was upon reviewing the Administrative Record that Plaintiff learned for the first time that the Government had failed to comply with the statutory and FAR requirements for issuing solicitations for bundled procurements. The Agency's failure to comply with the statutory and FAR requirements is arbitrary, capricious, and in violation of applicable law. Plaintiff did not have this information at the time it filed its original Complaint, and therefore seeks leave to amend its Complaint to include an additional claim based upon this error in the procurement process.

## Standard of Review

Rule 15(a) provides that a pleading may be amended by leave of court and requires that "leave shall be freely given when justice so requires." RCFC 15(a). Rule 15(a) "is identical to Federal Rule of Civil Procedure 15(a) and case law construing the latter may be used to interpret the former." Principal Life Ins. v. United States, 75 Fed. Cl. 32, 33 n.1 (2007). Rule 15(a) should be given a liberal interpretation consistent with its purpose so as to provide the moving party the maximum opportunity to have his claims decided on the merits rather than on procedural technicalities. See Foman v. Davis, 371 U.S. 178, 181-182 (1962). Amendments should be permitted under Rule 15(a) unless: (1) it would cause undue delay; (2) the moving party is acting in bad faith; (3) there has been repeated failure to cure deficiencies by amendments previously allowed; (4) the non-moving party would be unduly prejudiced; and (5) amendment would be futile. Id.

REDACTED VERSION

**Argument**

The Court should grant Plaintiff's Motion for Leave to Amend in this case. First, amending the Complaint would not cause undue delay. The Amended Complaint sets forth only one additional claim, which is based upon evidence that is already contained in the Administrative Record. As a motion for judgment on the administrative record is typically limited to the evidence contained in the administrative record, no discovery should be necessary to resolve this additional claim. Should the Government determine that supplementation of the Administrative Record is necessary to address this claim, any such efforts on the part of the Government should be minimal and should not cause undue delay in the resolution of this dispute. Although the parties' cross-motions for judgment on the administrative record are already in briefing, amending the Complaint to include this additional claim will not be a cause for delay in the briefing schedule, because both the Government and Gerber will have the opportunity to fully address this additional claim in their responses to Plaintiff's Cross-Motion for Judgment on the Administrative Record.

Second, the Plaintiff is not moving to amend its Complaint in bad faith. Plaintiff did not learn of the Government's failure to comply with the statutory and regulatory requirements for issuing bundled procurements until it received the Administrative Record, after its Complaint had been filed. The documents in the Administrative Record that are the basis for Plaintiff's new claim were not part of the record in the GAO protest. Third, Plaintiff has not moved this Court to file amended pleadings, nor has Plaintiff amended its Complaint prior to this Motion. Fourth, neither the Government nor Gerber would be unduly prejudiced by the Amended Complaint, because, as discussed above, both parties will have the opportunity to fully address the new issues in their responses to Plaintiff's Cross-Motion for Judgment on the Administrative Record.

REDACTED VERSION

Finally, the amendment to the original Complaint would not be futile, because it adds a claim that is an additional basis for finding that the Government failed to conduct the contested procurement in accordance with statutory and regulatory requirements and improperly decided not to set aside the solicitation for small businesses.

## **Conclusion**

Based upon the foregoing, Plaintiff Benchmade respectfully requests that the instant Motion for Leave to file the attached Amended Complaint be granted.

Dated August 28, 2007
(Electronically Filed)

Respectfully submitted,

s/ Terrence O'Connor

Terrence O'Connor
Stephanie Wilson
Albo & Oblon, LLP
Courthouse Plaza
2200 Clarendon Blvd., Suite 1201
Arlington, VA 22201
Tel: 703-312-0410
Fax: 703-312-0415

*Counsel for Plaintiff Benchmade Knife Co.*

REDACTED VERSION

**CERTIFCATE OF SERVICE**

I hereby certify that on the 28th day of August, 2007, a copy of the foregoing "PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Terrence O'Connor