**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| BENCHMADE KNIFE COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-593C (Bid Protest) |
| | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GERBER LEGENDARY BLADES | ) | |
| DIVISION, FISKARS BRANDS, INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AFFIDAVITS AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND AND THIRD MOTIONS TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rule 7 and Appendix C of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully moves to strike the three declarations submitted by plaintiff Benchmade Knife Co., Inc., ("Benchmade"), and opposes Benchmade's second and third motions to supplement the administrative record, on account that none of the documents pertain to the administrative record in this case. We further request that the Court disregard any references to the barred declarations and non-record documents in the remainder of these proceedings.

As set forth below, the declarations and documents submitted by Benchmade are not part of the administrative record, were never before the agency at any time prior to the final contract award decision, and did not play any role in the agency's decision-making process. As such, they have no place in this proceeding. Mike Hooks, Inc. v. United States, 39 Fed. Cl. 147, 154 (1997)

("It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself.") (quoting Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 50 (1983)).

Moreover, from a procedural standpoint, Benchmade's efforts to supplement the record in the manner in which it is proceeding should be readily rejected. Benchmade has submitted three declarations during these proceedings, but has never sought leave of this Court to submit these non-record submissions into the record. In addition, Benchmade's second and third motions to supplement the administrative record seek to belatedly move documents into the record well after the administrative record in this case was filed. Benchmade has provided no explanation for waiting until the eve of oral argument in this case to move these long-extant documents into the record. Benchmade's dilatory actions have imposed an unnecessary burden upon the parties and this Court to consider and address its arguments on an expedited basis. In addition, Benchmade's actions have succeeded in placing before this Court during the waning hours of this case numerous non-record documents that have never been properly moved or accepted into the administrative record. Regardless of whether any explanation justifying Benchmade's dilatory actions will be proffered, the Court should exclude all of the non-record documents submitted by Benchmade from the administrative record for the reasons set forth below.

## I. Rule 52.1 And The Proper Scope Of The Administrative Record

It is well-established that a Court's review of a bid protest is based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997); Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005). In 2006, this Court amended the rules governing bid protests to Rule 52.1

in order to reflect the reasoning of Bannum. RCFC 52.1, Rules Committee Note (June 20, 2006). Rule 52.1 provides, in relevant part:

> In all cases in which action by, and a record of proceedings before, an agency is relevant to a decision, the administrative record of such proceedings shall be certified by the agency or agencies and filed with the court.

RCFC 52.1 (emphasis supplied). Therefore, in the context of a bid protest, the Court traditionally has confined the administrative record to that developed by the agency prior to its decision to bestow the contract award. Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001); Murakami v. United States, 46 Fed. Cl. 731, 734 (2000).

It is settled law that the matters to be considered by the Court in judging the rationality and lawfulness of an agency decision are only those matters before the decision making authority at the time of the decision. Camp v. Pitts, 411 U.S. 138, 142-143 (1973); Cubic Applications, Inc. v. United States, 37 Fed. Cl. 342 (1997) (primary focus of court's review should be materials before the agency when it made challenged decision). Conversely, the administrative record should not include materials created or obtained subsequent to the time the agency decided to take the challenged action, because such materials could not have been considered by the agency in making its decision. See, e.g., Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004).

## II. The Declarations And Documents Plaintiff Has Introduced In This Proceeding Are Irrelevant To The Inquiry Before This Court

None of the documents and declarations Benchmade seeks to submit for consideration into these proceedings is relevant or proper for the Court's consideration. As we show below, all

of the documents were created after the contracting officer's final award decision and none concern issues considered by the agency in the course of its award decision in this case.

In fact, during the initial status conference in this case, Benchmade confirmed to the Court that it did not intend to bring the issue of post-award testing into these proceedings. During the initial scheduling conference in this protest on August 7, 2007, Benchmade's counsel explicitly responded to counsel for Gerber's concern that Benchmade might attempt to divert the Court's attention a discussion of Benchmade's after-the-fact testing of Gerber knives. In response, counsel for Benchmade expressly represented to the Court that Benchmade viewed the issue of "after-the-fact testing" as irrelevant to its case and did not intend to introduce the issue:

> MR. RALSTON: One other issue that may come up that I wanted to alert the Court to is that Plaintiff's counsel mentioned the testing issue earlier, and as I think the record will develop, it's our view it's not relevant to this case, and I would be somewhat surprised to see much in the administrative record on it. So you may end up with motions to supplement the administrative record to which we would then object, and I wanted to apprise the Court of that to see if it has an impact on scheduling among the parties.
>
> MR. O'CONNOR: Your Honor, Terry O'Connor. *Your Honor, we don't intend to raise the testing as an issue.* The issue we're focusing on is the government's conclusion of interchangeability. There may be some relation between the two, but I believe *we're trying to narrowly focus on interchangeability and not the current testing that's underway.*
>
> THE COURT: All right. Well, I think as a general proposition, what we like to see is documentation that was available to the Agency at the time of making a decision. Things that are created after the fact generally are not of very much use, although I won't say never. But testing information that is generated after the fact, I just don't know at this point whether it has much value or not. So I'd just offer that for what it may be worth.
>
> MR. O'CONNOR: Terry O'Connor again, Your Honor. *Like I say, I don't believe that the after-the-fact testing is going to*

> *be that relevant to what our case is. Our case is the government's determination of interchangeability at the time it was made.*

Transcript of August 7, 2007 Scheduling Conference at 19-20 (emphasis added).

**A. The *Ex Post* Declarations Of Plaintiff Are Irrelevant And Unhelpful**

Benchmade has filed three affidavits in this Protest: (1) the affidavit of Greg Mooney dated August 3, 2007; (2) the affidavit of Vance Collver dated September 11, 2007; and (3) the Affidavit of Les deAsis, dated October 18, 2007. Each of these affidavits is irrelevant to the issues in this protest, as each refers to testing that (a) occurred after the agency's determination in this protest; and (b) are based in whole or in part upon a different model of knife than the one at issue in this protest.

As the record makes clear, the only Gerber knife at issue in this protest is the Gerber Part No. 22-01055DS Tanto Point Serrated Blade Automatic Tanto Knife ("Gerber Tanto Knife"), NSN 1095-01-456-4457. AR 176-80, 223-24 The Gerber Tanto Knife is the knife that Gerber submitted for approval under CLIN 0001 of SPM7LX-07-R-0001, and it is the only knife at issue in this protest. Id.; Complaint at ¶ 4. The agency awarded the present contract to Gerber on April 5, 2007.

**The Mooney Affidavit.** Mr. Mooney's affidavit was attached to the complaint and refers to testing purportedly conducted by Benchmade on an "automatic or 'switchblade' knife offered by Gerber Legendary Blades in response to Solicitation SPM7LX-07-R-0001." Mooney Aff. at ¶ 2. The declaration acknowledges that the "testing" referred to by Mr. Mooney was not before the agency at the time the award decision was made on December 21, 2006 or at the time the agency reconfirmed the decision to award the contract to Gerber on April 5, 2007. Id. The declaration also shows that Benchmade never contested the interchangeability of the Gerber

Tanto Knife with Benchmade's Model 9100ST ("Benchmade Tanto Knife") at any time prior to August 6, 2007, when it filed its initial complaint in this Court. See id. at ¶ 5.

**The Collver Affidavit.** Mr. Collver's affidavit likewise refers to testing purportedly conducted by Benchmade on an "automatic or 'switchblade' knife offered by Gerber Legendary Blades in response to Solicitation SPM7LX-07-R-0001." Collver Aff. at ¶ 2. Mr. Collver's affidavit also purports to describe "testing" performed by Benchmade on the Gerber Tanto Knife and acknowledges that the reported results were not before the agency at the time the award decision was made on December 21, 2006, or at the time the agency reconfirmed the decision to award to Gerber on April 5, 2007. Id. The affidavit also shows that Benchmade never contested the interchangeability of the Gerber Tanto Knife with Benchmade's Model 9100ST ("Benchmade Tanto Knife") at any time prior to August 6, 2007, when it filed its initial complaint in this Court. See id. at 4.

**The deAsis Affidavit.** In its reply brief, Benchmade's reliance upon Mr. deAsis's affidavit reveals for the first time that its testing of Gerber's knives were likely based upon a different style of knife than the one at issue in this protest. Unlike the other declarations, Mr. deAsis abandons the reference in the previous affidavits of Messrs. Mooney and Collver about Benchmade having performed testing itself on the Gerber Tanto Knife, and instead describes testing purportedly performed by Sergeant First Class Kevin Reagan at Fort Bliss on a Gerber "Drop Point" Knife, citing to an unsigned, unsworn memorandum from SFC Reagan.

SFC Reagan's memorandum specifically refers to the knife on which he performed testing as the Gerber Drop Point Knife, which is not the knife at issue in this protest. See AR 176-80, 223-24. Moreover, SFC Reagan's memorandum describes the comparable Benchmade knife as

Benchmade's Model 9050, which again is not the model of Benchmade knife (the Benchmade 9100ST) to which the Gerber Tanto Knife was compared for purposes of the agency's interchangeability determination. See Id. Moreover, Mr. deAsis's declaration, like the others, describes post-award testing that was never available to or considered by the agency at the time of the award decision.

All three affidavits proffered by Benchmade show that the testing described in each of the affidavits was unquestionably performed after the award determination at issue in this protest and is thus irrelevant to the Court's evaluation of the reasonableness of that determination by the agency. In addition, Benchmade's use of the deAsis affidavit is misleading. Benchmade states in its reply brief that, "the Department of the Army testing facility at Fort Bliss conducted an independent test *on the Gerber knives that were supplied under this contract*," Benchmade Reply at 10. This statement is at complete odds with the evidence in the record in this case and Benchmade's prior admissions. Complaint at ¶¶ 3-4. The Gerber knife referenced in the Reagan memorandum is undeniably not the same the knife that is at issue in this case.

### B. The Documents Contained In Benchmade's Second And Third Motions To Supplement The Administrative Record Do Not Concern This Protest And Are Irrelevant To These Proceedings

Benchmade's second and third motions to supplement the administrative record should be denied for the same reasons that its declarations should be stricken. In its second motion to supplement the administrative record (filed October 22, 2007), Benchmade seeks to move into the record a purported copy of an Army memorandum from SFC Kevin Reagan that was attached to the deAsis declaration, discussed above. In its third motion to supplement the administrative record (filed on October 23, 2007), Benchmade seeks to introduce a series of post-award emails

between its counsel and the agency discussing Benchmade's views about the quality of its competitor's knives. Similar to the declarations discussed above, these emails are irrelevant and immaterial to this bid protest. The subject matter of the emails concern only Benchmade's post-contract correspondence with the agency concerning its view of the quality of the Gerber knives. The most that can be said of these documents is that they prove that the agency engaged Benchmade in a discussion concerning Benchmade's accusation that its competitor's knives were inferior. The issues presented in the emails were not requested by the agency, they were never presented to the agency during the evaluation period, and they were never considered in any matter concerning the agency's evaluation of the solicitations that resulted in this contract.

## II. All Of The Affidavits And Documents Should Be Excluded From The Administrative Record

Benchmade has not shown that any of the documents concerning its alleged post-contract testing of its competitor's knives should be considered in this proceeding. The emails merely reflect, at most, Benchmade's post-award lobbying efforts to affect present or future contract administration, and have nothing to do with the propriety of the agency's review in this case.[1] The declarations, created for this litigation, merely reflect the declarants' post-award subjective disagreement with the agency's decisions. Benchmade apparently intends to rely upon these untimely and self-serving documents to persuade this Court to substitute its judgment for the contemporaneous judgment of the agency's contracting officer. Benchmade's efforts

[1] In its initial email to the agency, Benchmade expressly stated that it was not presenting its "testing" information as part of any alleged protest because it lacked a good faith basis to do so. That email has not been included by Benchmade, and has not been previously included in the administrative record because it is not pertinent to this bid protest. In the event the Court grant's Benchmade's motions, the Government will move to produce this and other related correspondence into the record showing that the post-contract "testing" discussion had no connection to the protested contract in this case.

contravenes the long-held prohibition in this Circuit of deferring to the properly judgment of an agency's procuring officials. See, e.g., Central Ark. Maint., Inc. v. United States, 68 F.3d 1338, 1341 (Fed. Cir. 1995) (the Court should not substitute its judgment on such matters that are left for the agency).

Benchmade's post-award allegations do not provide any evidence upon which this Court may properly rely in reviewing the agency's decision. This Court has consistently rejected similar efforts by protestors who seek to supplement the record with *ex post* arguments by the protestors' agents. See Emerald Coast Finest Produce, Inc. v. United States, 76 Fed. Cl. 445, 448-49 (2007) (refusing to supplement the administrative record with four declarations that were not considered by the agency when making its award decision). This case is no different. Benchmade's three declarations should be stricken and its second and third motions to supplement the administrative record should be denied because they do not concern any matters within the scope of this Court's review in this matter.

## CONCLUSION

For these reasons, we respectfully request the Court to strike plaintiff's declarations and deny defendant's second and third motions to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/Kenneth S. Kessler
KENNETH S. KESSLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-756
Fax: (202) 305-7643

Dated: October 24, 2007

Attorneys for Defendant