**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| BENCHMADE KNIFE COMPANY, INC., Plaintiff, v. THE UNITED STATES, Defendant, and GERBER LEGENDARY BLADES DIVISION, FISKARS BRANDS, INC., Defendant-Intervenor. | ) | No. 07-593C (Wheeler, T.) |

**DEFENDANT-INTERVENOR'S OPPOSITION TO PLAINTIFF'S SECOND AND THIRD MOTIONS TO SUPPLEMENT THE ADMINISTRATVE RECORD**

Pursuant to Rule 7 and Appendix C of the Rules of the United States Court of Federal Claims ("RCFC"), Gerber Legendary Blades Division, Fiskars Brands, Inc. ("Gerber"), Defendant-Intervenor herein, hereby files this opposition to Plaintiff's Second Motion to Supplement the Administrative Record (hereinafter, "Plaintiff's Second Motion"), filed with the Court on October 22, 2007 by Plaintiff Benchmade Knife Company, Inc. ("Benchmade"), and to Plaintiff's Third Motion to Supplement the Administrative Record (hereinafter, "Plaintiff's Third Motion"), filed with the Court by Benchmade on October 23, 2007.

**LEGAL STANDARD**

Plaintiff's Second and Third Motions fail to articulate a valid basis for the eleventh-hour inclusion of the non-record documents proffered by Plaintiff. This Court generally disfavors

attempts to interject non-record evidence into a challenge against the rationality of an agency's decision-making: "The focal point for judicial review 'should be the administrative record already in existence, not some new record made initially by the reviewing court.'" *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997), quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Aero Corp., S.A. v. United States*, 38 Fed. Cl. 408, 410-11 (1997). "This principle 'exerts its maximum force when the substantive soundness of the agency's decision is under scrutiny,' and is all the more absolute where . . . a formal record was developed by the agency in reaching its decision." *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). While *Esch* recognizes certain limited exceptions to the rule against extra-record evidence, application of those exceptions should be extremely limited "lest the admission of evidence not considered by the agency below and its consideration by the court convert the 'arbitrary and capricious' standard into effectively de novo review." *Murakami*, 46 Fed. Cl. at 735. In view of these principles and for reasons detailed hereafter, neither of the two exceptions referenced by Benchmade should be invoked here to permit addition to the Administrative Record of the Reagan Memorandum for Record, which is the subject of Benchmade's Second Motion to Supplement.

## I. The Memorandum Proffered By Plaintiff in Its Second Motion Describes After-the-Fact Testing Performed On a Knife That Is Not Even at Issue in This Protest and Is Therefore Irrelevant to Any Issue Before the Court.

Plaintiff's Second Motion fails to satisfy any of the limited bases for supplementing the administrative record cited in *Esch*, as it proffers a document that does not even relate to the knife at issue in this Protest. Plaintiff's Second Motion seeks to supplement the administrative record with a one-page, unsigned, unsworn memorandum purported to be authored by a Sergeant First Class Kevin Reagan stationed at Fort Bliss. The memorandum at issue is dated August 20, 2007 and describes the results of testing Sergeant First Class Reagan alleges to have performed

in May 2007 on a model of knife that is *not* at issue in this protest. Specifically, the "Gerber knife" described in the August 20, 2007 memorandum purported to be from Sergeant First Class Reagan is identified as the Gerber "DROP POINT" knife, which Reagan described as having been ordered under the National Stock Number ("NSN") for the Benchmade 9050 model knife. Ex. 1 to Plaintiff's Second Motion.

The Gerber knife at issue in this protest is the Gerber Part No. 22-01055DS Tanto Point Blade 06 Automatic Combat Knife ("Gerber Tanto Knife"), NSN 1095-01-456-4457. AR 126, 160. The Gerber Tanto Knife is the knife that Gerber submitted for approval under CLIN 0001 of SPM7LX-07-R-0001, and it is the only knife at issue in this protest. AR 160, 224, 226, 281. The comparable model of Benchmade knife is the Benchmade Model No. 9100SBT (the "Benchmade Tanto Knife"), which was identified as the approved part for CLIN 0001 of Solicitation SPM7LX-07-R-0001. AR 126; First Amended Complaint at ¶¶ 5, 11.

Under a separate contract with the Defense Supply Center Columbus ("DSCC"), Contract SPM7LX-06-D-7056, awarded on 29 September 2006 (attached hereto as Exhibit 1), Gerber supplies a different model knife, the Gerber Part No. 22-01397 Drop Point Blade 06 Automatic Combat Knife ("Gerber Drop Point Knife"), with a different NSN: NSN 1095-01-446-4348. Exhibit 1, at 3. The Gerber Drop Point Knife was not submitted to DSCC in response to Solicitation SPM7LX-07-R-0001, the solicitation at issue in this protest. AR 158-222; AR 232. The Gerber Drop Point Knife is not, and never has been, at issue in this protest. The Benchmade Model No. 9050 ("Benchmade Drop Point Knife") was not an approved part under Solicitation SPM7LX-07-R-0001 and was not the part against which the agency compared the Gerber Tanto Knife in making its interchangeability determination at issue in this protest. AR 126-127.

Given that the proffered memorandum concerns a model of Gerber knife and a model of Benchmade knife that are not at issue in this Protest, the document with which Plaintiff seeks to supplement the administrative record cannot possibly demonstrate that "the agency failed to consider factors which are relevant to its final decision" or that "evidence arising after the agency action shows whether the decision was correct or not," the two *Esch* factors cited in Plaintiff's Second Motion. The *Esch* exception for "evidence arising after the agency decision" is particularly ill-suited for application here. As this Court has noted, the "exception has infrequently been applied and is of dubious extraction." *Murakami*, 46 Fed. Cl. at 736.[1] To invoke it in this instance so as to allow collateral attack upon the agency's decision through a document not even in existence at the time of the agency's decision – not to mention, a document not even pertaining to the knives at issue in the agency's decision – would indeed amount to abandonment of the arbitrary and capricious standard, thereby resulting in *de novo* review.

That the "testing" described by Sergeant Reagan did not relate to either the Gerber Tanto Knife or the Benchmade Tanto Knife is readily apparent on the face of Sergeant Reagan's August 20, 2007 memorandum. Indeed, Benchmade's Mr. deAsis assiduously avoided making any representation that the testing described in Sergeant Reagan's August 20, 2007 memorandum (on which the deAsis Affidavit was based) was performed on the Gerber knife at issue in this Protest. *See* Affidavit of Les deAsis, filed on October 18, 2007 (repeatedly referring to the "Army testing" as having been performed only on "Gerber knives," *not* the Gerber knife at issue in this Protest). Counsel for Benchmade, however, has not been so circumspect and has

---

[1] The *Murakami* court pointed out that "the few published decisions that apply this exception appear to involve situations in which evidence was produced to show the *projections* or *predictions* upon which an agency action was based either proved accurate or inaccurate." *Id.* at 736 n. 6 (emphasis added).

*twice* misrepresented to this Court that Sergeant Reagan's memorandum describes testing performed on the Gerber Tanto Knife that is at issue in this Protest. In Plaintiff's Reply to Defendant's and Defendant-Intervenor's Responses to Plaintiff's Cross-Motion for Judgment on the Administrative Record; Plaintiff's Response to Defendant's and Defendant-Intervenor's Cross-Motions for Judgment on the Administrative Record; Plaintiff's Counter-Statement and Supplemental Statement of Facts (hereinafter, "Plaintiff's Reply"), filed with the Court on October 18, 2007, Plaintiff falsely states: "The Department of the Army testing facility at Fort Bliss conducted an independent test of *the Gerber knives that were supplied under this contract*." Plaintiff's Reply at 10 (emphasis added). Plaintiff has repeated this misrepresentation in the body of its Second Motion: "The subject of this memorandum is the Department of the Army Evaluation Task Force's evaluation of *the Gerber automatic knife at issue in this protest*." Second Motion at 2 (emphasis added). Gerber urges the Court to consider these misrepresentations, made in an apparent attempt to enhance the asserted relevance of Sergeant Reagan's post-award (and, indeed, post-Protest) memorandum, when evaluating Plaintiff's eleventh-hour motions to supplement the administrative record on the very eve of the hearing.

## II. Plaintiff's Third Motion Fails to Articulate a Valid Basis For Inclusion of the Post-Award E-Mails In the Administrative Record.

Benchmade contends that the two e-mails attached to its Third Motion are relevant and material "[b]ecause Gerber is challenging the timeliness of Benchmade's interchangeability claim." Plaintiff's Third Motion at 2. If these e-mails are, in fact, relevant to the issue of the timeliness of Benchmade's interchangeability claim, Benchmade has offered no explanation for why it waited until two days prior to the scheduled hearing date to attempt to slip these documents into the administrative record. Benchmade has been aware at least since August 28, 2007 that the timeliness of its challenge to the agency's interchangeability determination was at

issue in this Protest,[2] yet failed to come forward with these documents until the last moment. The Court should not reward Benchmade's dilatory tactics in failing to assert the relevance of these two documents until two days prior to the scheduled hearing date, after the pleading cycle had otherwise closed and at a time when the United States and Gerber are otherwise unable to respond to them. Moreover, Benchmade has failed to cite these two e-mails in any of the pleadings it has filed in this Court, a fact that belies Benchmade's current assertions regarding the relevance of these documents.

Aside from the suspect timing of Plaintiff's Third Motion, the e-mails themselves lack any probative value that would warrant their inclusion in the administrative record. No one has contested that Benchmade raised issues regarding post-award testing of Gerber knives in June 2007. Gerber has merely pointed out – and Benchmade itself has conceded – that Benchmade never raised a legal challenge to the agency's interchangeability determination in any of its protests before GAO, notwithstanding Benchmade's craftily worded references in its Complaint to having raised the issue "during the course of the GAO protests filed by Benchmade."[3] Gerber Statement of Facts (filed with Gerber's August 28, 2007 Motion for Judgment on the Administrative Record) ¶ 19; Benchmade Cross-Motion for Summary Judgment, dated September 11, 2007, at 4 n.4 (concurring with and adopting Gerber's Supplemental Statement of Facts ¶ 19). The two e-mails proffered by Benchmade for inclusion in the administrative record therefore add nothing of relevance to any issue in dispute. Moreover, it appears that, in proposing to include the two proffered e-mails without including the earlier June 6, 2007 e-mail from Benchmade's counsel to Ms. Gail Booth of the agency, Benchmade is seeking to disguise

[2] Gerber Motion for Judgment on the Administrative Record at 26-28.

[3] First Amended Complaint at ¶ 14.

the fact that it expressly conceded at the time it raised the post-award testing issue that Benchmade was not doing so in the context of challenging the agency's interchangeability determination. Indeed, Benchmade's counsel expressly acknowledged in his June 6, 2007 e-mail to the agency that "[w]e do not have a good faith basis to challenge at the GAO or CFC how the government concluded that the Gerber knife was comparable." Therefore, should the Court determine that the two e-mails proffered by Benchmade warrant inclusion in the administrative record as "correspondence between the agency and the protester, awardee, or other interested parties relating to the procurement," as urged by Benchmade, Gerber will seek to provide an accurate context for these two e-mails by moving to supplement the administrative record with the June 6, 2007 e-mail in which Benchmade counsel acknowledges that, even in light of the alleged "safety" issue it was raising regarding Gerber knives, Benchmade lacked a good faith basis to challenge the agency's interchangeability determination in the procurement at issue in this protest.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenor Gerber respectfully requests that the Court deny Plaintiff's Second and Third Motions to Supplement the Admnistrative Record.

Respectfully submitted,

s/ David T. Ralston, Jr.
David T. Ralston, Jr.
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone 202.295.4097
Facsimile 202.672.5399

*Counsel of Record for Defendant-Intervenor Gerber Legendary Blades Division, Fiskars Brands, Inc.*

OF COUNSEL:
Philip A. Nacke
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
Telephone 202.672.5300
Facsimile 202.672.5399

Dated: October 24, 2007